IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KNUTE ENTERPRISES, INC. et al, | |
| Plaintiffs, | NO. 3:06-CV-01978 |
| v. | (JUDGE CAPUTO) |
| DUPONT BOROUGH et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and in the alternative, Rule 12(b)(6). (Doc. 20.) Defendants' motion to dismiss based upon Rule 12(b)(1) will be granted. Because the Court will dismiss Plaintiffs' claims under Rule 12(b)(1) for lack of ripeness, arguments based on abstention will not be discussed.

## BACKGROUND

The facts as alleged in Plaintiff's Complaint are as follows.

Plaintiff Knute Enterprises, Inc. is the owner of a parcel of land known as 434-36 Main Street, Dupont Borough, Luzerne County, Pennsylvania. (Compl. ¶ 16, Doc. 1.) Main Street is the only public road upon which the property touches, and is therefore the only street where Plaintiffs' can gain access to the land. (*Id.* ¶ 18.) On or about July 20, 2004, Knute made an application to the Pennsylvania Department of Transportation ("Penn DOT") for a Highway Occupancy Permit for a driveway to access Main Street from the property. (*Id.* ¶ 22.) On or around September 1, 2004, Plaintiff Knute began

discussions with Dupont Borough for a "No Parking" ordinance as required by the Penn DOT.  (*Id.* ¶ 27.)  This ordinance was to span a distance of three hundred and seventy five (375) feet on the north side of Main Street in an easterly direction.  (*Id.* ¶ 27.)  On September 21, 2004 the Penn DOT informed Knute of additional requirements for the permit.  (*Id.* ¶ 23.)  These requirements included that "'Sight distance to the left and right for all proposed driveways must be shown.  The required sight distance must be obtained before a permit can be approved.  A 'No Parking' ordinance is necessary to obtain the required sight distance for your proposed driveway.'" (*Id.* ¶ 23; *Id.* Ex. D.)  On or about July 14, 2005, Dupont Borough enacted an ordinance on the northern side of Main Street for two hundred and forty (240) feet.  (*Id.* ¶ 28.)  On September 8, 2005, the Penn DOT notified Knute that the "No Parking" ordinance passed by Dupont Borough was insufficient in length for the required sight distance.  (*Id.* ¶ 29.)  Knute then requested that Dupont extend the "No Parking" ordinance to comply with the Penn DOT.  (*Id.* ¶ 30.)  Although numerous meetings regarding the "No Parking" ordinance were held by Dupont Borough, no ordinance in conformity with the Penn DOT requirements were passed.  (*Id.* ¶ 31-32.)   Plaintiffs have not filed an administrative appeal of Penn DOT's requirement that additional length be added to the "No Parking" ordinance.  (*Id.* ¶ 36.)   Plaintiffs filed a Petition of Condemnee for Appointment of Board of Viewers in the Court of Common Pleas of Luzerne County to No. 1907 of 2006 pursuant to the state's Eminent Domain Code on April 5, 2006.  (*Id.* ¶ 44.)

     On October 5, 2006, Plaintiff filed a Complaint. (Doc. 1.)  On October 30, 2006, Defendants filed the present motion to dismiss.  (Doc. 20.)  This motion is fully briefed

2

and ripe for disposition.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action. FED. R. CIV. P. 12(b)(1). Because lack of ripeness impedes justiciability and thus the subject matter jurisdiction of the district court, ripeness claims should be raised in a Rule 12(b)(1) motion to dismiss rather than in a summary judgment motion. *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 (3d Cir. 1993). A defendant may challenge the existence of subject matter jurisdiction in two fashions. *See Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks the complaint as deficient on its face, the Court must assume that "the allegations contained in the complaint are true." *Id.* In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and "undisputably authentic" documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss. *Hunter v. United States*, 2000 WL 1880257, at *3 (M.D. Pa. Dec. 15, 2000). *See generally Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

However, when the motion to dismiss attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to the allegation included in the

3

plaintiff's complaint. *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891). Thus, the Court may weigh all of the available evidence to satisfy itself that subject matter jurisdiction indeed exists. *Id.* It is important to note also that the existence of disputed material facts will not preclude the Court from evaluating the jurisdictional allegations set forth in the complaint. *Gould Elecs., Inc. V. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

In the present matter, Defendants' motion will be treated as a facial attack on subject matter jurisdiction. Accordingly, this Court will consider the allegations contained in the complaint and all attachments thereto.

**DISCUSSION**

The ripeness doctrine seeks to prevent courts from adjudicating cases prematurely and thus entangling themselves in abstract disagreements. *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967) (overruled on other grounds). It is well settled that challenges to a Fifth Amendment Just Compensation Takings claim against a municipality are not ripe until the plaintiff has met a two-step inquiry. First, plaintiff must allow the local land use authorities to make a "final" decision on the nature and extent of the restrictions on the plaintiff's use of the property. *See Williamson Planning Comm. v. Hamilton Bank*, 473 U.S. 172, 186-94 (1985). Second, the plaintiff must have unsuccessfully exhausted state procedures for "just compensation," so long as the state procedures provided are adequate. *Williamson*, 473 U.S. at 195 ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a

4

violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.").

The Third Circuit Court of Appeals has further applied the *Williamson* rule to substantive due process, procedural due process, and equal protection claims. *See Taylor*, 983 F.2d at 1292-95. As the taking alleged in this case is an as-applied challenge to the ordinance, the two-step inquiry is applicable in this case. *County Concrete Corp. v. Twp. of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006).

The Plaintiffs in this case have failed to meet the requirements of the *Williamson* test in each of their constitutional claims. For this reason, Defendants' motion to dismiss will be granted.

### I.     The Finality Requirement

For a plaintiff's claim to be ripe for district court review, the plaintiff must allow the local land use authorities to make a "final" decision on the nature and extent of the restrictions on the plaintiff's use of the property. *Williamson*, 473 U.S. at 186-94. "Until a property owner has 'obtained a final decision regarding the application of the zoning ordinance . . . to its property,' 'it is impossible to tell whether the land retain[s] any reasonable beneficial use or whether [existing] expectation interests ha[ve] been destroyed.'" *MacDonald, Sommer,& Frates v. Yolo County*, 477 U.S. 340, 349 (1986), *rehearing denied*, 478 U.S. 1035 (1986) (quoting *Williamson*, 473 U.S. at 186, 192 n. 11).

Plaintiffs have not filed an administrative appeal of Penn DOT's site distance requirement of an additional two hundred and forty (240) feet to the "No Parking" area. (Comp. ¶ 36, Doc. 1.) Plaintiffs allege that they have not filed such an appeal because

5

the site distance requirement is a safety issue and "there does not appear to be a reasonable chance that Plaintiffs would be successful on such an appeal." (*Id.*)

Whether Plaintiffs have a "reasonable chance" on appeal is immaterial at this time. Plaintiffs have failed to make an appeal to the Penn DOT, and therefore have failed to meet the finality requirement.  This failure to appeal is comparable to the factual scenario in *Williamson*, where the Court held that the developer's failure to seek variances resulted in an unripened claim before the district court.  *Williamson*, 473 U.S. at 188-89. Even more telling, in *MacDonald*, the plaintiff's subdivision plan was rejected by a local planning division, and again on appeal before the county board of supervisors. *MacDonald*, 477 U.S. at 351-52.  *MacDonald* held the case was unripe because, even though the plaintiff had appealed, he failed to submit less intensive plans with the planning commission.  *Id.*  This "le[ft] open the possibility that some development would be permitted. . . ." *Id.* at 352.   Here, there is still a *possibility* that the Penn DOT could allow for development upon appeal.  For this reason, Plaintiffs' claim based upon the Fifth Amendment Takings Clause must be dismissed as unripe based upon the finality requirement.

For Plaintiffs to succeed on Fourteenth Amendment substantive due process claim, Plaintiffs "demonstrate that an arbitrary and capricious act deprived them of a protected property interest."  *Taylor*, 983 F.2d at 1292 (citing *Landmark Land Co. Of Oklahoma, Inc. v. Buchanan*, 874 F.2d 717, 722 (10th Cir. 1989); *Moore v. Warwick Pub. Sch. Dist.*, 794 F.2d 322, 329 (8th Cir. 1986)).  For a substantive due process claim based upon an arbitrary and capricious decision to be ripe, the plaintiff need only show that

6

there was a final adjudication, but not that there was just compensation. *See Baranowski v. Borough of Palmyra*, 868 F. Supp. 86, 89 n. 4 (M.D. Pa. 1994) (citing *Southview Assoc., Ltd. V. Bongartz*, 980 F.2d 84 (2d Cir. 1992)).

The Plaintiffs allege that Dupont has arbitrarily and irrationally acted by failing to extend the "No Parking" area to the amount required by Penn DOT. However, as in the Fifth Amendment claim, there is no final adjudication. Plaintiffs have the opportunity to appeal the site requirement set by Penn DOT, and have failed to do so. Therefore, there is no final administrative action, and the substantive due process is claim is not ripe.

Plaintiffs also allege that Defendants deprived them of their procedural due process rights within the Fourteenth Amendment. To properly allege a procedural due process claim Plaintiffs must show that there was a deprivation "of a protected property interest and state procedures for challenging that deprivation do not comport with due process of law." *Taylor*, 983 F.2d at 1293 (citing *Layton v. Bayer*, 953 F.2d 839 (3d Cir. 1992)). The finality requirement must also be met in a procedural due process claim for a claim to be ripe. *See id.* Citing *Williamson* and *MacDonald*, the *Taylor* court noted that "in the face of potential constitutional injuries, the Court held that the local authorities should be given the opportunity to fully and finally determine the scope of the injury before federal claims ripen." *Id.* at 1294.

As in the substantive due process and takings claims, Plaintiffs have failed to receive a final adjudication for purposes of procedural due process by appealing to the Penn DOT. Therefore, Plaintiffs fail to satisfy the finality requirement for a procedural due process claim, and therefore their claim is not ripe.

Plaintiffs have also alleged an equal protection claim based upon Defendants' improper motivations to provide street parking to businesses and apartment owners. The ordinance in this case is subject to rational basis review. *Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 133 (3d Cir. 2002).

> Like other social and economic legislation, land use ordinances that do not classify by race, alienage, or national original, will survive an attack based on the Equal Protection Clause if the law is "'reasonable, not arbitrary' and bears a 'rational relationship to a (permissible) state objective." However, land use regulations must possess a legitimate interest in promoting the public health, safety, morals, and the general welfare of its citizens in order to pass scrutiny.

*Id.* (citations omitted). *Congregation Kol Ami* further noted that "local ordinances are subject to a very forgiving standard of review." *Id.* at 135. As Plaintiffs' equal protection claim is subject to rational basis scrutiny, the claim does not become ripe until there is a final administrative action. *Taylor*, 983 F.3d at 1294. Plaintiffs' have failed to bring an appeal before the Penn DOT. Based upon this lack of final authority, a "federal court cannot determine whether the landowner has been dissimilarly treated nor whether such treatment is rationally related to a legitimate government purpose." *Id.* at 1295. An equal protection claim ripens only after a final action by an administrative authority. As the Penn DOT could change their site distance requirements on appeal, the equal protection claim is not ripe for judicial review.

## II.     Exhaustion of Just Compensation Procedures

Even if the Plaintiffs had met the final adjudication element of the *Williamson* test, Plaintiffs' claims are not ripe because they did not exhaust the state's just compensation procedures. Plaintiffs must have exhausted the procedure for seeking just compensation

at the state level, provided such a procedure is adequate. *Williamson*, 473 U.S. at 194-95. Although "there is no requirement that a plaintiff exhaust administrative remedies before bringing a § 1983 action," this element requires that the plaintiff actually has been denied just compensation by the state. *Id.* at 192 (citing *Patsy v. Bd. of Regents of the State of Florida*, 457 U.S. 496 (1982)).

The Commonwealth of Pennsylvania provides a procedure for seeking just compensation. Pennsylvania's Eminent Domain Code provides that "[a] condemnee is entitled to just compensation for the taking, injury or destruction of the condemnee's property. . . ." 26 PA. CON. STAT. ANN. § 701. Furthermore, the Commonwealth provides a procedure in which a condemnee can obtain relief. 26 PA. CON. STAT. ANN. § 501 et seq. The Eminent Domain Code also notes that "This title provides a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages." 26 PA. CON. STAT. ANN. § 102 (2006). Thus, the property owner cannot claim a violation of the Just Compensation Clause until he has used the procedure and been denied just compensation. *Williamson*, 473 U.S. at 195.

However, Plaintiffs argue in their brief that the remedies provided by the Eminent Domain Code are inadequate, as the procedure under the Eminent Domain Code does not provide for certain damages, such architectural and engineering expenses incurred in developing the land under *Gross v. City of Pittsburgh*, 741 A.2d 234 (Pa. Cmwlth. 1999). In *Gross*, the Court refused to award architectural and engineering expenses occurred after the complete taking of the land occurred. In contrast, in *Gaughen v. Dep't of Transp.*, 554 A.2d 1008 (Pa. Cmwlth. 1989), the landowner was permitted to recover

expenses incurred prior to the taking by the government, such as architectural and engineering costs. Plaintiffs argue in their brief that it is "difficult to say" when the taking occurred. As the procedure under the Eminent Domain Code has not been completed, it is impossible to say at this time that the remedies provided are inadequate.

The Plaintiff has filed a Petition of Condemnee for Appointment of Board of Viewers in the Court of Common Pleas for Luzerne County. (Comp. ¶ 44, Doc. 1.) At present, this action is pending in the state court system. Plaintiffs have not been denied just compensation at this time. For this reason, Plaintiffs' claims must be dismissed.

## CONCLUSION

For the reasons stated above, the Court will grant Defendants' motion to dismiss. An appropriate Order follows.

September   26  , 2007                               /s/ A. Richard Caputo
                                                                                       A. Richard Caputo
                                                                                       United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KNUTE ENTERPRISES, INC. et al,<br><br>Plaintiffs,<br><br>v.<br><br>DUPONT BOROUGH, et al.,<br><br>Defendants. | NO. 3:06-CV-01978<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this   26th   day of September, 2007, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 20) pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED** .

                                                                                         /s/ A. Richard Caputo
                                                                                         A. Richard Caputo
                                                                                         United States District Judge